**LAW OFFICE OF EMILY DELEON**
Emily de Leon, SBN 296416
1318 K Street
Bakersfield, CA 93301
Tel: (661) 326-0857
Email: emily@lawdeleon.com

Attorney for:
Ulises Pena

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>Bikramjit Singh Pannu<br>Ulises Pena<br><br>　　　　Defendants. | Case No.  1:18-CR-00065-DAD-BAM<br><br>STIPULATION AND ORDER TO CONTINE STATUS CONERENCE |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT; HONORABLE BARBARA A. MCAULIFFE; HENRY CARBAJAL, ASSISTANT UNITED STATES ATTORNEY:

**COMES NOW** Defendant, ULISES PENA, by and through his attorney of record, EMILY DELEON, hereby requesting that the status conference hearing currently set for July 27, 2020 be continued to September 28, 2020.

On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.  This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507.  And moreover, any such failure cannot

1

be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

Counsel for Mr. Pannu and counsel for the government do not object to, and agree with, the request for continuance of the status conference.  Counsel for defendants believe that failure

1  to grant the above-requested continuance would deny them the reasonable time necessary for
2  effective preparation, taking into account the exercise of due diligence.  The parties have been
3  impacted by the external conditions cited in this stipulation and believe that the additional time is
4  needed to complete preparation and the resolution of the case.
5     The parties agree that for the purpose of computing time under the Speedy Trial Act, 18
6  U.S.C. § 3161, et seq., within which trial must commence, the time period of the date of this
7  stipulation to May 13, 2019, inclusive, is deemed excludable pursuant to 18 U.S.C. §§
8  3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by
9  the Court at defendants' request on the basis of the Court's finding that the ends of justice served
10 by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

11 **IT IS SO STIPULATED.**

12 DATED: 07/17/20

Respectfully Submitted,
*/s/ Emily Deleon*
EMILY DELON
Attorney for Defendant
Ulises Pena

15 DATED: 07/17/20

*/s/Robert Lamanuzzi*
ROBERT LAMANUZZI
Attorney for Defendant
Bikramjit Singh Pannu

19 DATED: 07/17/20

*/s/Henry Carbajal*
HENRY CARBAJAL
Assistant U.S. Attorney

3

# **ORDER**

IT IS SO ORDERED that the status conference set for July 27, 2020 be continued to **September 28, 2020 at 1:00 pm before Magistrate Judge Barbara A. McAuliffe**. IT IS SO FOUND AND ORDERED that time period of July 27, 2020 to September 28, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **July 17, 2020**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE