**LAW OFFICE OF EMILY DE LEON**
Emily de Leon, SBN 296416
1318 K Street
Bakersfield, CA 93301
(661) 331-0207
emily@lawdeleon.com

Attorney for Defendant, Ulises Pena

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>                v.<br><br>BIKRAMJIT PANNU, AND<br>ULISES PENA<br><br>                     Defendants. | CASE NO.  1:18-CR-00065 DAD-BAM<br><br>STIPULATION TO CONTINUE STATUS CONFERENCE; AND ORDER<br><br>DATE: December 9, 2020<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |
|---|---|

    This case is set for status conference on December 9, 2020.  This Court issued General Orders 611-618 and 620-621 to address public health concerns related to COVID-19, including the temporary suspension of jury trials and restrictions on access to court buildings.

    Although the General Order addresses the district-wide health concerns, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances

are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status conference on December 9, 2020, with speedy trial time excluded through December 9, 2020.

2. By this stipulation, defendants now move to continue the plea hearing and reset the hearing as a status conference before the magistrate judge on March 24, 2021, and to exclude time between the date of this stipulation and March 24, 2021, under 18 U.S.C. §§ 3161(h)(7)(A) and

3161(h)(7)(B)(i), (ii) and (iv) and Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case currently includes more than 12,000 pages of discovery, including investigative reports and related documents. This discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) Defendants and defense counsel desire additional time in preparation of this case. Defense counsel for defendant Pannu has requested additional time to review the government's discovery production and specifically time to review the production with his client. Defendant Pena recently had his conditions of release modified and requires additional time to address issues related to those changed release conditions. The COVID-19 pandemic and the restrictions on in-person meetings and workplace operations have lengthened the typical time required for the parties to prepare for later proceedings or resolve the case. The next earliest convenient date for the parties and the Court for a status conference is March 24, 2021  Thus, the parties request that the current status conference be continued and reset before the assigned magistrate judge on March 24, 2021at 1:00 p.m. Thus, the requested continuance will conserve time and resources for the parties and the Court.

    c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government does not object to and joins in the request for continuance.

    e) In addition to the public health concerns cited by General Orders 611-618 and 620-621 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel has been encouraged to telework and minimize personal contact to the greatest extent possible.

    f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of the date of this stipulation to March 24, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: November 30, 2020                     McGREGOR W. SCOTT
                                             United States Attorney


                                             /s/ HENRY Z. CARBAJAL III
                                             HENRY Z. CARBAJAL III
                                             Assistant United States Attorney


Dated: November 30, 2020                     /s/ ROBERT LAMANUZZI
                                             ROBERT LAMANUZZI
                                             Counsel for Defendant
                                             BIKRAMJIT PANNU


Dated: November 30, 2020                     /s/ EMILY DE LEON
                                             EMILY DE LEON
                                             Counsel for Defendant
                                             ULISES PENA

STIPULATION TO CONTINUE STATUS CONFERENCE           4
AND TO EXCLUDE TIME

# **ORDER**

IT IS SO ORDERED that the status conference is continued from December 9, 2020, to **March 24, 2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

IT IS SO ORDERED.

Dated: __November 30, 2020__         /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE